IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**SABIR ABDUL-HAQQ YASIR,**

    **Petitioner,**

vs.

                              **CASE NO. 4:05cv267-MP/WCS**

**DAVID FARCUS, Warden,**

    **Respondent.**

                                     /

**REPORT AND RECOMMENDATION**

    This is a petition for writ of habeas corpus filed by Sabir Abdul-Haqq Yasir pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner challenges a disciplinary action at Hardee Correctional Institution on April 22, 2004, resulting in the loss of 60 days of gain time. Respondent filed an answer, doc. 15, with exhibits.[1] Respondent argues the

---

[1] The paper exhibits are attachments to document 15 and have been assigned letters by Respondent. However, these exhibits were filed electronically; that is, the exhibits were electronically scanned and a digital image is available for viewing by computer. Voluminous exhibits are usually separated in groups of about 30 pages for scanning and electronic filing. The electronic docket assigns subsidiary numbers to these groups and then assigns page numbers to that group. The first reference here is to the paper document as filed and the second reference is to the electronic pagination.

merits of the claims, and does not contend that state court remedies are unexhausted or that the petition is untimely. Petitioner has not filed a traverse.

**The state record**

Petitioner was subjected to a disciplinary proceeding at Hardee Correctional Institution on April 22, 2004, and he lost 60 days of gain time. Doc. 15, Ex. J; doc. 15-3, p. 7. This disciplinary action was prompted by events that occurred on April 15, 2004. On that date, Petitioner was in administrative confinement. The Institutional Classification Team conducted a hearing concerning Petitioner's continued administrative confinement status. Doc. 15, Ex. A, ¶ 4 (affidavit of Jon Tait); doc. 15-2, p. 4, ¶ 4. At this hearing, Petitioner presented the Team with a "petition for writ of habeas corpus and an order from the Second District Court of Appeal in case number 2D03-1675," and used the documents to make arguments for his release. *Id.*, ¶ 5; doc. 15-2, p. 4, ¶ 5. A Mr. Skipper said that he was present; he said that Petitioner had the order from the Second District Court of Appeal with an attached handwritten copy of a petition for writ of habeas corpus and "utilized/presented" these documents as "an authenticated document by the Court of Appeals." Doc. 15, Ex. E; doc. 15-2, p. 18.

Petitioner's handwritten petition for writ of habeas corpus (presented to the confinement review team) alleged that Petitioner had been illegally placed in administrative confinement on March 29, 2004. Doc. 15, Ex. C; doc. 15-2, p. 12. At the end of the petition, Petitioner sought a stay of the disciplinary proceedings and release from confinement. *Id.*; doc. 15-2, p. 13. The order from the Second District Court of Appeal in case number 2D03-1675 is dated April 15, 2003, and stayed "the disciplinary proceeding." *Id.*; doc. 15-2, p. 14. The order was attached to the petition for writ of

habeas corpus but was not mentioned in the petition. *Id.* The petition did not have a case number on it. *Id.*; doc. 15-2, p. 11.

After being presented with this petition for writ of habeas corpus and the order, officials at the prison called the Second District Court of Appeal and learned that case number 2D03-1675 had been closed on April 15, 2003. *Id.*, Ex. B; doc. 15-2, p. 6. This date is actually incorrect, as the case was not closed until December 1, 2003. Doc. 15, Ex. D (Second District Court of Appeal docket sheet); doc. 15-2, p. 16. The point is immaterial as the case was closed months before the administrative confinement review.

The disciplinary report which followed, charging Petitioner with "lying to staff," asserted that Petitioner attempted to "authenticate" his handwritten petition for writ of habeas corpus with the order from the closed state case. Doc. 15, Ex. B; doc. 15-2, p. 6. *Id.* Petitioner contended later contended in state court that he had attached the earlier order from the Second District Court of Appeal "to demonstrate to the Court by the order that it had jurisdiction to stay disciplinary proceedings . . . ." Doc. 1, Appendix E, p. 5; doc. 1-3, p. 6.

## Section 2254 Standard of Review

For claims that were properly exhausted and adjudicated in state court, this court's review is limited. "[A] determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Bui v. Haley, 321 F.3d 1304, 1322 (11th Cir. 2003) (citing the statute, footnote omitted). Moreover, as to a factual issue adjudicated by the state court, Petitioner must show that

the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2); 321 F.3d at 1322 (citing the statute). Section 2254(d)(2) is satisfied "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." Lomholt v. Iowa, 327 F.3d 748 , 752 (8th Cir. 2003) (citing § 2254(e)(1), other citation omitted). As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

**Legal analysis**

### Grounds one, two, and three

Petitioner contends that the disciplinary action is invalid as it was imposed after he "filed a Petition for Writ of Habeas Corpus with the Circuit Court to challenge his placement in the hole [administrative confinement]." Doc. 1, p. 4. In ground two he argues that his ability to seek relief by means of a petition for a writ of habeas corpus was impeded.[2] In ground three, Petitioner contends that imposition of discipline for the filing of a petition for writ of habeas corpus violates his First Amendment rights. The claims are essentially the same and will be considered together.

---

[2] Petitioner refers to this as an "abuse of the writ," but that doctrine has no application here. The claim in ground two is read as a duplication of the claim in ground one, challenging the loss of 60 days of gain time. To the extent that Petitioner contends that some action *other* than this disciplinary action has impeded his ability to seek redress from the state court, his remedy is by filing a suit pursuant to 42 U.S.C. § 1993 and paying the $350 filing fee.

Case No. 4:05cv267-MP/WCS

A punitive act taken against a prisoner in retaliation for the exercise of First Amendment rights to seek redress of grievances violates the First Amendment. Bridges v. Russell, 757 F.2d 1155 (11th Cir. 1985); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). In order for a complaint of retaliation to survive and proceed into discovery, there must be at least a "colorable suspicion" of retaliation. Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983).

The state court rejected this claim, finding that it did not "rest upon any evidence other than" Petitioner's "assertions." That is true. Petitioner's allegations were not supported in state court, and they are not supported in this court. Petitioner has come forward with no evidence that the petition for writ of habeas corpus noted above was ever filed with the state circuit court. None of the copies of this petition have a state case number. Nor has Petitioner come forward with any evidence that the disciplinary action was to punish him for his attempts to seek redress in the court. Petitioner was disciplined because when he appeared before the classification team, he used a defunct temporary order from the Second District Court of Appeal with a draft petition for writ of habeas corpus, attempting to persuade the classification team that those documents had a bearing upon his continued placement in administrative confinement.

Petitioner has not shown that the state court's adjudication of the merits of this federal claim has "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

**Ground four**

Petitioner contends that state regulations prohibit the Warden from personally "participating" in a disciplinary hearing.  He contends that these regulations have created a liberty interest protected by due process and contends that this liberty interest was infringed without due process when the warden participated in the deliberations.  In his state court petition for writ of certiorari, Petitioner argued that Warden Tate, who originally wrote the disciplinary charge, was allowed to enter the hearing room after Petitioner had exited to "participate in the conviction process."  Doc. 1, Appendix E, p. 9; doc. 1-3, p. 10.  He contended that this violated FLA. ADMIN. CODE R. 33-601.306(1).  *Id.*  He alleges that this resulted (presumably from information supplied by Warden Tate) "in a conviction based upon secret allegations outside of the charging report."  *Id.*, p. 9; doc. 1-3, p. 10.

In rejecting this claim, the state trial court found:

> Petitioner's claim that his disciplinary conviction was based on "secret allegations" is also denied.  Petitioner refers to the teams' [sic] findings that he had committed the infraction "in order to get out of confinement or from being transferred," and alleges that he was ambushed by these allegations.  The Disciplinary Report Hearing Information (Respondents' Exhibit C) documents that during the deliberations proceedings a Lieutenant Deen called Assistant Warden Tate for clarification.  See Rule 33-601.307(1)(i), Florida Administrative Code.  The Court finds that Petitioner's <u>motive</u> (release from confinement or preclusion of transfer), underlying the disciplinary infractions was no "secret" and in fact was manifested in the requested relief in his habeas petition.

Doc. 15, Ex. S; doc. 15-5, pp. 3-4.

While it is unclear, it would appear that Petitioner alleges that Tate provided evidence at the hearing that Petitioner was using the petition for writ of habeas corpus and the defunct order to try to get out of confinement.  He apparently asserts that he

Case No. 4:05cv267-MP/WCS

was "ambushed" by this evidence.  This evidence could not have prejudiced Petitioner, however, as this is exactly the relief sought by Petitioner in his petition for writ of habeas corpus.

Further, assuming a violation of state law could be relevant to a federal due process claim, Petitioner has not even shown a violation of state law.  He has not shown that Assistant Warden Tate served as a member of the disciplinary team or participated in the deliberations.[3]  The state court found that Tate was called for clarification, that is, as a witness, not that he participated in the proceedings.  This finding of fact is presumed to be correct, and Petitioner has not rebutted this presumption by "clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  Therefore, Petitioner has not shown that the state court's adjudication of the merits of this federal claim has "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  § 2254(d)(1).

**Conclusion**

Accordingly, it is **RECOMMENDED** that the 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Sabir Abdul-Haqq Yasir challenging his disciplinary action at

---

[3] FLA. ADMIN. CODE R. 33-601.306(1) provides that "a person shall not serve as the hearing officer or as a member of the disciplinary team, or participate in the deliberations when they [sic] are" a witness, a person who wrote the charge, the investigating officer, or a person who reviewed the results of the hearing.

Case No. 4:05cv267-MP/WCS

Hardee Correctional Institution on April 22, 2004, resulting in the loss of 60 days of gain time be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on July 5, 2006.

        s/     William C. Sherrill, Jr.
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**