IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SABIR ABDUL-HAQQ YASIR,

    Petitioner,

v.                                                             CASE NO. 4:05-cv-00267-MP-WCS

DAVID FARCUS, Warden,

    Respondent.

_____/

## **O R D E R**

This matter is before the Court on Doc. 19, Report and Recommendation of the Magistrate Judge, which recommends that Petitioner Yasir's petition for writ of habeas corpus be denied with prejudice. The Magistrate Judge filed the Report and Recommendation on Wednesday, July 5, 2006. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), the Court must make a *de novo* review of those portions to which an objection has been made. In this instance, however, no objections were made.

Petitioner challenges a disciplinary action at Hardee Correctional Institution that resulted in the loss of sixty days of gain time. This loss of gain time was in response to Petitioner falsely presenting an order from the Second District Court of Appeal to the Institutional Classification Team, which was reviewing Petitioner's continued administrative confinement status. Petitioner represented to the review team that this order authenticated the attached petition for writ of habeas corpus, stayed the disciplinary proceedings, and released him from confinement. After looking into this case, officials discovered that the case had been closed

months before the disciplinary proceedings and had no connection to the pending review.

Because a state court has already adjudicated the merits of Petitioner's federal claim, this Court's review is limited. Petitioner bears the burden of overcoming the presumption of correctness for state court factual determinations by clear and convincing evidence. For challenges to decisions of law, Petitioner must show that the state court's adjudication of his federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Court agrees with the Magistrate that Petitioner has not met his burden to overcome the state court's factual or legal findings.

The first three grounds asserted by Petitioner allege the invalidity of the disciplinary proceeding because it occurred after he filed his petition for writ of habeas corpus, "abuse of the writ," and retaliation for his filing a petition for writ of habeas corpus in violation of the First Amendment. The state court rejected these claims as unsupported by any evidence other than Petitioner's allegations. There is no evidence that Petitioner ever filed such a writ or was punished because of such filing. Although Petitioner presented a handwritten writ to the review team, it does not appear that this writ was ever filed. The punishment resulting from this incident was not because Petitioner sought to exercise his legal rights, but because he falsely represented a prior court order as mandating the relief sought in the writ. Because Petitioner has presented no evidence, he has not met his burden of demonstrating the factual unreasonableness of this determination or the misapplication of clearly established federal law.

Petitioner's fourth ground asserted in his petition for writ of habeas corpus alleges a violation of his due process rights under the 14th Amendment. This violation arose when

Assistant Warden Tate allegedly participated in Petitioner's disciplinary proceedings in violation of FLA. ADMIN. CODE R. 33-601.306(1).  The state court rejected this claim.  Because Petitioner has presented no evidence that Assistant Warden Tate ever served as a member of the disciplinary team or participated in the deliberations, he has not met his burden of overcoming the presumption of correctness for the state court's factual determination.  Further, even assuming that this would form a protectable liberty interest, Petitioner has not demonstrated that the state court decision was contrary to or misapplied clearly established federal law.  Therefore, having considered the Report and Recommendation, I have determined that the Report and Recommendation should be ADOPTED.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Petitioner Yasir's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, is denied with prejudice.

**DONE AND ORDERED** this   *12th* day of September, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge
